UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 96-40899
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK QURAN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CR-78-2)
_____
July 1, 1997

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fredrick Quran Brown appeals his guilty-plea conviction and sentence for possession with intent to distribute cocaine, contending that the district court erred by denying his motion to withdraw his guilty plea and by increasing his base offense level for possession of a firearm. For the following reasons, we **AFFIRM**.

Brown's motion to withdraw his plea was entered prior to sentencing, eight months after he pleaded guilty and after

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preparation of the Presentence Investigation Report. The record does not support Brown's assertion that , when he entered his guilty plea, his trial counsel did not properly instruct him on the plea agreement terms or the effect of the plea process. Nor does the record support Brown's assertion that he did not know that the plea agreement contained an admission that he possessed a weapon during the commission of the crime charged. In sum, Brown has not demonstrated that the district court abused its discretion in denying the motion to withdraw his plea. *See, e.g., **United States v. Bond***, 87 F.3d 695, 701 (5th Cir. 1996); ***United States v. Henderson***, 72 F.3d 463, 465-66 (5th Cir. 1995).

Regarding Brown's sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during a crime involving the possession of illicit drugs, Brown's contention that ***Bailey v. United States***, 116 S. Ct. 501 (1995), applies is without merit. Because the Supreme Court limited ***Bailey***'s holding to convictions under 18 U.S.C. § 924(c)(1) and Brown was not convicted of violating § 924, ***Bailey*** is inapposite. *See **United States v. Castillo***, 77 F.3d 1480, 1499 n.34 (5th Cir.), cert. denied, 117 S. Ct. 100 (1996) and 117 S. Ct. 236 (1996). Brown did not present any evidence demonstrating his lack of knowledge of the shotgun and that such lack of knowledge would have made it clearly improbable that the shotgun was not connected with his drug offense. *See **United States v. Broussard***, 80 F.3d 1025, 1040-41 (5th Cir.) (quoting U.S.S.G. § 2D1.1(b)(1)), cert. denied, 117 S. Ct. 264 (1996); ***United States v. Flucas***, 99 F.3d 177, 179 (5th Cir. 1996),

- 2 -

*cert. denied*, 117 S. Ct. 1097 (1997).  The district court did not clearly err by enhancing Brown's sentence by two levels.  *See* **United States v. Watson**, 966 F.2d 161, 162 (5th Cir. 1992).

**AFFIRMED**